STATE OF NEW HAMPSHIRE

COÖS, SS                                                                SUPERIOR COURT

True Copy Attest   DOCKET NO. 214-2019-CV-00056

David P. Carlson, Clerk of Court
July 23, 2019



DAVID BURRILL

v.

XPO LAST MILE INC., d/b/a XPO LOGISTICS

### CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, David Burrill, through his attorneys, and states as follows:

### DECLARATION

1. Plaintiff David Burrill ("Plaintiff") was and is a resident of the Town of Pittsburg, County of Coös, and State of New Hampshire, with a mailing address of: 445 Beach Road, Pittsburg, NH 03592.

2. Defendant XPO Last Mile, Inc. ("Defendant") was and is a Georgia business corporation, with a principal office address of: 1851 W Oak Parkway Ste 100, Marietta, GA, 30062; and a registered agent for service of process in this state of: Registered Agent Solutions, Inc., 10 Ferry Street 313, Concord, NH, 03301.

3. Defendant conducts continuous and substantial business in this State, including under the trade name "XPO Logistics", as registered with the New Hampshire Secretary of State's Office, Corporations Division.

4. All of Plaintiff's interactions set forth herein have been with "XPO Logistics". There are four separate corporations registered with the New Hampshire Secretary of State's Office that include the name "XPO Logistics" as part of the registered corporate name, however, the actual name "XPO Logistics" is registered as a trade name which is owned by Defendant.

### Factual Background

5. Plaintiff is a long-time dealer of Arctic Cat snowmobiles, parts, and accessories.

1

6. In March of 2018, Plaintiff placed an order with Arctic Cat for various parts and accessories.

7. On June 5, 2018, a driver of an XPO Logistics truck delivered to Plaintiff's place of business one pallet containing some, but not all, of the parts and accessories that Plaintiff had ordered.

8. Upon information and belief, the remaining balance of Plaintiff's order of parts and accessories ("the Missing Items") was to arrive in two additional pallets.

9. The additional two pallets containing the Missing Items never arrived.

10. Plaintiff checked with Arctic Cat, which confirmed with Plaintiff that the Missing Items had been shipped to Plaintiff in two additional pallets.

11. To date, the additional two pallets with the Missing Items still have never arrived, and Plaintiff must now pay Arctic Cat for parts and accessories that Plaintiff has never received, in the total amount of $26,588.72.

12. Through a series of events and interactions, Defendant has denied responsibility for failing to deliver the two additional pallets and the Missing Items to Plaintiff.

13. Through the diligence of Plaintiff's own employees, Plaintiff has discovered that some of the Missing Items which he had ordered are being sold on eBay by a seller with an address in the town of Gilbert, Iowa.

14. Plaintiff, on his own, made a claim against Defendant, which claim Defendant denied by way of email dated December 10, 2018.

15. Plaintiff, through counsel, provided additional information to Defendant, including two sworn Affidavits, one of which included the address of the eBay seller.

16. Defendant responded by verbally describing the Plaintiff's claim as a "valid claim", but then inexplicably indicated that Defendant's liability to Plaintiff was contractually limited as a result of Defendant's contract with a separate third party (and this other third party was not Arctic Cat).

17. Suffice it to say, Plaintiff is not a party to this contract which Defendant claims limits its liability to Plaintiff.

## Count I - Conversion

18. In a plea of trover, the preceding paragraphs are realleged herein.

19. Plaintiff purchased parts and accessories from Arctic Cat.

20. The parts and accessories were to be delivered to Plaintiff by Defendant.

21. The Missing Items never arrived.

22. There is no contract between Plaintiff and Defendant.

23. Defendant has exercised dominion or control over goods which is inconsistent with the rights of Plaintiff.

24. As a direct and proximate result of the actions of Defendant, Plaintiff has been damaged, including but not limited to, the cost of the Missing Items, consequential lost profits, lost employee time, and attorneys' fees and costs.

25. Wherefore, Plaintiff demands a trial by jury and an award of damages from Defendant.

## Count II – Violation of Consumer Protection Act

26. In a plea of the law, the preceding paragraphs are realleged herein.

27. On June 13, 2018, an authorized agent of Defendant procured Plaintiff's signature on an Invoice.

28. On the Invoice, it clearly states that "ORIGINAL BILL WAS 2 PIECES SHORT."

29. Despite this notation, Defendant has attempted to use Plaintiff's signature on the Invoice to claim that Plaintiff had received the Missing Items, when he had not.

30. Defendant's actions in this regard constitute a "deceptive act" while "in the conduct of trade or commerce within this state", and therefore violate N.H. RSA 358-A:2.

31. Plaintiff hereby makes claim for all remedies under N.H. RSA 358-A:10, I, including but not limited to statutory damages, damage multiplier, and attorneys' fees and costs.

32. Wherefore, Plaintiff demands an award of damages, and other remedies as described above, from Defendant.

### Count III – Violation of Federal Motor Carrier Law

33. In a plea of the law, the preceding paragraphs are realleged herein.

34. Based upon the actions described above, Defendant was acting as a carrier under federal law.

35. Defendant is liable to Plaintiff under 49 U.S.C. §14706 (a) (1).

36. Plaintiff has the right to maintain a civil action against Defendant under 49 U.S.C. §14706 (d).

37. Plaintiff has been damaged, as described above.

38. Wherefore, Plaintiff demands a jury trial and an award of damages from Defendant.

WHEREFORE Plaintiff respectfully requests that this Honorable Court:

A. Grant him a jury trial on Counts I & III;

B. Award him damages on all counts;

C. On Count II, award him any and all statutory remedies set forth in N.H. RSA 358-A:10, I;

D. Order prejudgment interest from the date that suit was filed; and,

E. Grant such other and further relief as may be just.

        Respectfully submitted,
        David Burrill
        By his attorneys,
        *Waystack Frizzell, Trial Lawyers*

Dated: April 6, 2019         /s/ Jonathan S. Frizzell
        Jonathan S. Frizzell
        N.H. Bar No. 12090
        251 Main Street, P.O. Box 137
        Colebrook, NH 03576
        Tel: (603) 237-8322