UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


David Burrill

    v.                           Civil No. 19-cv-765-LM
                                         Opinion No. 2019 DNH 194

XPO Logistics Freight, Inc.


# O R D E R

Plaintiff David Burrill, a snowmobile dealer, ordered snowmobile parts and accessories from a distributor. The defendant, XPO Logistics Freight, Inc., ("XPO") delivered some, but not all, of Burrill's order. Burrill filed a complaint in state court alleging that he was entitled to damages because XPO's actions violated both state and federal law. XPO removed the action to this court and now moves to dismiss the state law counts, arguing the counts are preempted by federal law. Burrill objects.


## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st

Cir. 2014) (citations and internal quotation marks omitted).  A

claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See also Field v.

Napolitano, 663 F.3d 505, 508 (1st Cir. 2011) (applying

comparable standard when analyzing motion to dismiss on grounds

of preemption).


## BACKGROUND

David Burrill lives in Pittsburg, New Hampshire, and is a

long-time dealer of Arctic Cat snowmobiles, parts, and

accessories.  In March 2018, he ordered various parts and

accessories from Arctic Cat.  On June 5, 2018, XPO delivered a

pallet containing some, but not all, of the items that Burrill

had ordered.  Burrill understood that the rest of his order

would arrive at a later time in two additional pallets.

Although Arctic Cat subsequently told Burrill that the missing

items had been shipped, he never received the missing items.

On June 13, 2018, just over a week after XPO delivered the

first pallet, an authorized agent of XPO procured Burrill's

signature on an invoice which states that the "ORIGINAL BILL WAS

2 PIECES SHORT."  Doc. no. 3-2 at ¶¶ 27, 28.  Burrill alleges

that XPO then used the invoice deceptively to claim that he "had received the Missing Items, when he had not." Id. at ¶ 29. XPO denied responsibility for failing to deliver the missing items and denied a claim from Burrill on December 10, 2018.[1]

On April 6, 2019, Burrill filed a complaint in state court seeking damages for the missing items, and additional damages for XPO's alleged "deceptive act" involving the June 13, 2018 invoice. Doc. no. 3-5. In July 2019, XPO removed the case to this court. Doc. no. 3-11.

**DISCUSSION**

Burrill's amended complaint alleges three claims: (1) conversion (Count I); (2) violation of the New Hampshire Consumer Protection Act ("CPA"), N.H. Rev. Stat. Ann. ("RSA") § 358-A (Count II); and (3) violation of the Carmack Amendment, a federal law that governs the liability of carriers for lost or damaged goods, 49 U.S.C. § 14706 (a)(1) (Count III). XPO moves to dismiss Counts I and II, Burrill's state law claims. Burrill concedes that Count I should be dismissed, but objects to

---

[1] The complaint provides little information about this "claim," stating only that Burrill, "on his own, made a claim against Defendant denied by way of email dated December 10, 2018." The court assumes Burrill pursued this claim via some kind of XPO internal claim process.

dismissal of Count II.  The only question before the court,
then, is whether Burrill's CPA claim survives.

In Count II, Burrill alleges that XPO committed a
"deceptive act" that violates the CPA.  The CPA makes it
"unlawful for any person to use . . . any deceptive act or
practice in the conduct of any trade or commerce within this
state."  RSA 358-A:2.  Burrill alleges that XPO committed a
"deceptive act" when—more than a week after XPO delivered the
first pallet and before Burrill invoked the claims process—XPO
had Burrill sign an invoice indicating that some items had not
been delivered, and then used that invoice as a "gotcha" to
claim falsely that Burrill had received the missing items.[2]  XPO
moves to dismiss the CPA claim, arguing that it is preempted by
both the Carmack Amendment, 49 U.S.C. § 14706, and the
Interstate Commerce Commission Termination Act, 49 U.S.C. §
14501.

_____

[2] Neither the complaint nor Burrill's objection specifies
when or how XPO used the June 13, 2018 invoice to claim Burrill
had received the items.  On this point, the complaint states
only that "Defendant has attempted to use Plaintiff's signature
on the Invoice to claim that Plaintiff had received the Missing
Items, when he had not."  Doc. no. 3-2 at ¶ 29.  The objection
states that "the Defendant later used [the second invoice] to
say 'Gotcha!' and 'because you signed this second Invoice, we
don't have to pay' (paraphrasing)."  Doc. no. 7-1 at 4.

The Carmack Amendment states:

> A carrier[3] providing transportation or service . . .
> shall issue a receipt or bill of lading for property
> it receives for transportation under this part. That
> carrier and any other carrier that delivers the
> property and is providing transportation or service .
> . . are liable to the person entitled to recover under
> the receipt or bill of lading. The liability imposed
> under this paragraph is for the actual loss or injury
> to the property caused by (A) the receiving carrier,
> (B) the delivering carrier, or (C) another carrier
> over whose line or route the property is transported
> in the United States . . .

49 U.S.C. § 14706.

"'It is accepted . . . that the principal purpose of the [Carmack] Amendment was to achieve national uniformity in the liability assigned to carriers.'" Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc., 888 F. Supp. 2d 197, 203 (D.N.H. 2012) (quoting Rini v. United Van Lines, Inc., 104 F.3d 502, 504 (1st Cir. 1997)).  As the Supreme Court explained in Adams Express Co. v. Croninger, allowing state regulations to affect the liability of carriers "would be to revert to the uncertainties and diversities of rulings which led to the [Carmack] amendment." 226 U.S. 491, 506 (1913).  Accordingly, the Carmack Amendment preempts state laws where, "in the absence

---

[3] "Carrier" is the term of art that denotes an entity serving as, among other things, "a person providing motor vehicle transportation for compensation."  See 49 U.S.C. § 13102 (3)(14).  There is no dispute that XPO is a carrier under the Carmack Amendment.

of an injury separate and apart from the loss or damage of goods, [the law] increases the liability of the carrier." Rini, 104 F.3d at 506.

The First Circuit considered the preemptive scope of the Carmack Amendment in Rini, 104 F.3d at 503. In Rini, the plaintiff brought several state law claims, including a consumer protection act claim, against a carrier that allegedly lost some of her items during a cross-country move. Id. The jury found for the plaintiff, and the district court awarded damages. The defendant appealed to the First Circuit, arguing that the plaintiff's state law claims were preempted by the Carmack Amendment. Id.

The First Circuit agreed with the defendant and reversed the verdict. The court held that the Carmack Amendment preempts state law claims where liability stems from the damage or loss of goods, the claims process, or is related to the payment of claims. Id. The court explained that a claim is not preempted where liability arises from harms separate and apart from the loss or damage of goods. Id. "For example, if an employee of the carrier assaulted and injured the shipper, state law remedies would not be preempted." Id. In so holding, the First Circuit is in accord with other circuits which have considered the issue. See, e.g., Gordon v. United Van Lines, Inc., 130

F.3d 282, 290 (7th Cir. 1997); Cleveland v. Beltman North
American Company, 30 F.3d 373, 379 (2d Cir. 1994).

In Rini, the carrier's liability under the Massachusetts
consumer protection act arose from misrepresentations that the
carrier made to the plaintiff "in the course of settling a claim
for damages stemming from the move." Rini, 104 F.3d at 506.
Specifically, the trial court had awarded treble damages to the
plaintiff under that statute because the carrier had engaged in
unfair and deceptive actions when attempting to persuade the
plaintiff to abandon a valid claim against it. Rini v. United
Van Lines, Inc., 903 F. Supp. 224, 233 (D. Mass. 1995). Because
liability under the consumer protection act stemmed from the
claims process, the First Circuit ruled that the claim was
preempted. Rini, 104 F.3d at 506.

Similarly, in this case, XPO's alleged liability under the
CPA stems from the loss of goods and is related to the claims
process. Burrill alleges that the invoice XPO had him sign more
than a week after the initial delivery stated that some items
were missing. Burrill asserts that XPO subsequently used that
invoice to claim that Burrill had received the items. Construed
favorably to the plaintiff, the alleged wrongful act, as was the
case in Rini, is a misrepresentation made by the carrier to

shield itself from liability and diminish the plaintiff's
ability to recover for the loss of goods.

Burrill argues that his claim is different from <u>Rini</u>
because XPO's wrongful act occurred before Burrill had initiated
the claims process. Burrill's timing argument misses the mark.
Preemption under the Carmack Amendment focuses not on the timing
of the wrongful act, but on the nature of the alleged injury:
whether the injury stems from the loss of goods, the claims
process, or is related to the payment of claims. <u>Id.</u> As in
<u>Rini</u>, Burrill's CPA claim stems from his underlying assertion
that he never received the missing items—that XPO lost the
goods. Burrill's claim is also related to the claims process
since XPO's wrongful act was presumably designed to cover up the
loss of goods and vindicate XPO in any future claims process.
As such, like the claim in <u>Rini</u>, the CPA claim here is preempted
by the Carmack Amendment.

Burrill also argues that his CPA claim escapes preemption
because additional damages are available under the CPA, and
XPO's alleged wrongful use of the invoice truly constitutes an
injury separate and apart from the loss of goods. However, it
is precisely because additional damages "could have a dramatic
impact on carrier's liability and seriously enlarge a shipper's
remedy," that state laws allowing for such damages are

preempted. Cleveland, 30 F.3d at 379 (concluding punitive damages preempted by the Carmack Amendment); Rini, 104 F.3d at 506. "To hold otherwise would only defeat the purpose of the statute, which was to create uniformity out of disparity." Moffit v. Bekins Van Lines Co., 6 F.3d 305, 307 (5th Cir. 1993) (affirming that state consumer protection act claim was preempted by the Carmack Amendment); see also Rini, 104 F.3d at 506. Accordingly, the availability of additional damages does not transform Burrill's CPA claim into an "injury separate and apart from the loss or damage of goods." See Rini, 104 F.3d at 506.

Burrill makes a procedural argument as well. Specifically, Burrill argues that it is premature to find preemption at this early stage in the case, where no discovery has taken place. Burrill does not explain how any evidence adduced in discovery could bear on the preemption analysis. Moreover, several courts have relied on Carmack Amendment preemption to dismiss state consumer protection claims. See, e.g., Grehan v. Am. Holiday Van Lines, Inc., No. 3:05-CV-138, 2005 WL 1242061, at *2 (E.D. Tenn. May 25, 2005); Werner v. Lawrence Transp. Sys., Inc., 52 F. Supp. 2d 567, 569 (E.D.N.C. 1998).

For the foregoing reasons, the court finds that Count II of the amended complaint is preempted by the Carmack Amendment.

Having so held, the court need not separately analyze whether the claim is also preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501.

## CONCLUSION

For the foregoing reasons, XPO's partial motion to dismiss (doc. no. 5) is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 19, 2019

cc:   Counsel of Record